
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 25 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re Application of

BCIM STRATEGIC VALUE MASTER FUND, LP; MASO CAPITAL ARBITRAGE FUND LIMITED; and MASO CAPITAL INVESTMENTS LIMITED,

Petitioners, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding.

Case No. 21-mc-00208-GBD

---

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

WHEREAS, Petitioners BCIM Strategic Value Master Fund, LP; Maso Capital Arbitrage Fund Limited; and Maso Capital Investments Limited (collectively, "Petitioners") and respondent Duff & Phelps, LLC ("Respondent," and collectively with Petitioners, the "Parties" and each a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action and proceedings pending before the Financial Services Division of the Grand Court of the Cayman Islands (the "Cayman Court") commenced by petition filed by eHi Car Services Limited ("eHi" or the "Company") with the heading *In the Matter of eHi Car Services Limited* and cause number FSD 115 of 2019 (RPJ) (the "Appraisal Proceeding" and together with this action, the "Actions");

WHEREAS, any documents produced by Respondent to Petitioners will be uploaded by Petitioners to a data room hosted by the Company that is accessible by certain of the dissenting shareholders in the Appraisal Proceeding (the "Participating Dissenters") and the Company, their counsel, and their valuation experts and teams assisting them;

WHEREAS, Petitioners agree and hereby affirm that the parties to the Appraisal Proceeding (as well as their counsel and valuation experts appointed by the parties to the Appraisal

1

Proceeding and the persons supporting them) are bound by (i) the Confidentiality and Non-Disclosure Agreement entered into in the Appraisal Proceeding (the "NDA") (*see* ECF 6-3 at 17, Appendix 2), pursuant to which the parties to the Appraisal Proceeding agree to use documents or information disclosed in the Appraisal Proceeding solely for the purposes of the Appraisal Proceeding, and (ii) the implied undertaking, pursuant to which the parties to the Appraisal Proceeding are required to keep confidential all information disclosed therein (including pursuant to Order 24, rule 22 of Cayman's Grand Court Rules which provides that "[a]ny undertaking, whether expressed or implied, not to use a document or transcript for any purposes other than the proceedings in which it is disclosed or made shall cease to apply to such document or transcript after it has been read to or by the Court, or referred to in open Court, unless the Court for special reasons has otherwise ordered on the application of a party or of the person to whom the document belongs or by whom the oral evidence was given"), both of which govern disclosure in the Appraisal Proceeding;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the use of documents in connection with pre-trial discovery provided by Respondent;

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns, representatives, agents, experts and consultants) and all other interested persons with actual or constructive notice of this Order, including the Participating Dissenters listed on Appendix A hereto that are dissenting shareholders in the Appraisal Proceeding, but not Petitioners herein (the "Non-petitioning Participating Dissenters" (each of whom will execute a statement

agreeing to be bound by this Order in the form found at Appendix B)) – will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery provided by Respondent) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. Respondent may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

  a. information of Respondent related to: trade secrets; business, commercial, or financial information; financial statements; financial or business plans and strategies; projections or analyses for future or prior periods; tax data; business and marketing plans and strategies; assets and liabilities; proposed strategic transactions or acquisitions, strategic alternatives, or business combinations; or other personally or commercially sensitive or proprietary information of Respondent and its subsidiaries and affiliates;

  b. previously non-disclosed financial information of Respondent;

  c. previously non-disclosed material relating to ownership or control of any non-public company affiliated with Respondent;

  d. previously non-disclosed business plans, product-development information, or marketing plans of Respondent;

  e. any information of a personal or intimate nature regarding any individual of Respondent; or

3

f. any other category of information this Court subsequently affords confidential status.

3. With respect to the Confidential portion of any Discovery Material, Respondent or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

4. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility of any document, testimony, or other evidence.

5. Where Respondent has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    a. the Parties to the Actions (once all of the Non-petitioning Participating Dissenters have executed the form at Appendix B and such executed forms have been delivered to Respondent's counsel), their insurers, and counsel to their insurers;

    b. counsel retained specifically for the Actions, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to the Actions;

    c. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to the Actions;

d. any mediator or arbitrator that the Parties engage in the Actions, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Appendix B hereto;

   e. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   f. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in the Actions, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Appendix B hereto;

   g. any person the Company or the Petitioners have retained to serve as an expert witness or otherwise provide specialized advice to counsel in connection with the Actions (or their teams);

   h. stenographers engaged to transcribe depositions the Parties conduct in the Actions; and

   i. this Court, the Cayman Court (subject to paragraphs 11-12 infra), including any appellate court reviewing the Actions, and any court support personnel, and court reporters.

6. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 5(d), 5(f), or 5(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Appendix B hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to Respondent's counsel before such person is permitted to testify (at deposition or trial).

7. The Parties shall comply with Part I.D of the Individual Rules of Practices of Judge George B. Daniels (the "Individual Rules") when publicly filing any document with information designated as confidential under this Agreement.

8. This Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Cayman Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

9. If a Petitioner objects to any designation of confidentiality, it may at any time before the trial of the Actions serve upon counsel for Respondent a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Part IV.A of the Individual Rules.

10. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of the Actions (subject to paragraphs 11-12 hereof) and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party or the Company with respect to its own documents or information produced by Respondent.

11. Nothing in this Order will prevent any Party or recipient of Confidential Discovery Material from: producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any

government agency having jurisdiction, provided that such Party or recipient of Confidential Discovery Material gives written notice to Respondent as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, Respondent will bear the burden to oppose compliance with the subpoena, other compulsory process, other legal notice if Respondent deems it appropriate to do so.

12. Nothing in this Order will prevent any Party or recipient of Confidential Discovery Material from relying on Confidential Discovery Material at trial or a hearing in the Appraisal Proceeding, provided that such Party or recipient of Confidential Discovery Material gives written notice to Respondent:

    a. within seven business days of service of an expert report in the Appraisal Proceeding containing or relying on Respondent's Confidential Discovery Material, after which counsel for Petitioners and Respondent shall meet and confer within 21 days regarding whether any such Confidential Discovery Material requires additional protections from public disclosure (including at trial in the Appraisal Proceeding). After such meet and confer, if agreement cannot be reached, the Party or recipient of Confidential Discovery Material seeking to rely on such Confidential Discovery Material shall seek an order from the Cayman Court to file, admit into evidence, or disclose at a trial or hearing such Confidential Discovery Material under seal or by equivalent procedure to prevent the disclosure of such Confidential Discovery Material to the general (and shall disclose to the Cayman Court that the seeking of such an order was a

7

prerequisite to this Court requiring the production of the Confidential Discovery Material); or.

b. if not covered by subparagraph (a), as soon as reasonably practicable before the use of Respondent's Confidential Discovery Material at trial or a hearing in the Appraisal Proceeding, but if permitted, at least 10 days before any such use, after which counsel for Petitioners and Respondent shall meet and confer within 3 days regarding whether any such Confidential Discovery Material requires additional protections from public disclosure (including at trial in the Appraisal Proceeding). After such meet and confer, if agreement cannot be reached, the Party or recipient of Confidential Discovery Material seeking to rely on such Confidential Discovery Material shall seek an order from the Cayman Court to file, admit into evidence, or disclose at a trial or hearing such Confidential Discovery Material under seal or by equivalent procedure to prevent the disclosure of such Confidential Discovery Material to the general public (and shall disclose to the Cayman Court that the seeking of such an order was a prerequisite to this Court requiring the production of the Confidential Discovery Material).

If a Party or recipient of Confidential Discovery Material seeking to rely on such Confidential Discovery Material seeks an order from the Cayman Court pursuant to subsections 12(a) or (b) above, such Confidential Discovery Material shall not be divulged, disclosed or otherwise referenced in any public final expert report or at the trial of or in a hearing in the Appraisal Proceeding until the Cayman Court has ruled on the application.

Nothing herein precludes this Court from considering the rulings by Cayman Court regarding the disclosure of Confidential Discovery Material in connection with any dispute regarding disclosure of Confidential Discovery Material to Petitioners.

13. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. Within 60 days of the final disposition of the Appraisal Proceeding – including all appeals – all recipients of Confidential Discovery Material must at Respondent's written request either (at the recipient's election) return it – including all copies thereof – to Respondent, or take all reasonable endeavors to destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to Respondent that, to the best of its knowledge, it has complied with this clause. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

15. This Order will survive the termination of the Actions and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

16. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: New York, New York
    May 20, 2021

HERRICK, FEINSTEIN LLP

_____
Dated: May 20, 2021

GOODWIN PROCTER LLP

_Douglas H Flaum_
Dated: May 20, 2021

Dated: New York, New York
    MAY 2 5 2021

SO ORDERED:

_George B. Daniels_
Hon. George B. Daniels
United States District Judge

# APPENDIX A

Athos Asia Event Driven Master Fund

Athos Special Situations Fund SPC for and on behalf of Athos Global Opportunities SP 1

BCIM Strategic Value Master Fund, LP

BCIM SV SMA I, LLC

Blackwell Partners LLC - Series A

Corbin ERISA Opportunity Fund, Ltd

Corbin Opportunity Fund, L.P.

Corsun LLP

FMAP ACL Limited

FourWorld Event Opportunities, LP

FourWorld Special Opportunities Fund, LLC

Heng Ren Silk Road Investments LLC

Kevin Xin Lu

Maso Capital Arbitrage Fund Limited

Maso Capital Investments Limited

Pergo Company Limited

Pinehurst Partners, L.P.

Star V Partners LLC

Yagnesh Patel

**APPENDIX B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>BCIM STRATEGIC VALUE MASTER FUND, LP; MASO CAPITAL ARBITRAGE FUND LIMITED; and MASO CAPITAL INVESTMENTS LIMITED,<br><br>Petitioners, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 21-mc-00208-GBD |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of the Actions and that at the conclusion of the Appraisal Proceeding I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated: